```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CRAIG ANNALORO                *         CIVIL ACTION

VERSUS                        *         NO: 08-937

MARQUETTE TRANSPORTATION      *         SECTION: "D"(3)
CO., LLC, ET AL
```

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment" (Doc. No. 19)** filed by Defendant, Marquette Transportation Company, LLC (Marquette). Plaintiff, Craig Annaloro, filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 31, 2008, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

In this matter, Plaintiff claims that on or about February 16, 2007, while employed as a seaman aboard Defendant's vessel, the M/V LIMESTONE LADY, he was injured while handling a sounder pole on the vessel. Plaintiff asserts claims for maintenance and cure, Jones Act negligence, and unseaworthiness. Defendant now moves for summary judgment on Plaintiff's maintenance and cure claim and his

Jones Act negligence claim.

As to Plaintiff's **maintenance and cure claim**, Defendant asserts a *McCorpen*[1] defense, and has successfully established at this summary judgment stage (through Plaintiff's own deposition testimony, medial report of Dr. Bradley Bartholomew, and deposition testimony of Dr. Wayne Celestine) the required elements that:

    (1) Plaintiff intentionally misrepresented or concealed medical facts;

    (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and

    (3) a connection exists between the withheld information and the injury complained of in the lawsuit.[2]

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005), *citing McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548-49 (5th Cir. 1968). Thus, the court finds that there are no genuine

---

[1] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

[2] "[T]here is no requirement that present injury be identical to a previous injury. All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176 (citation omitted).

According to the medical evidence attached to Defendant's Reply Memorandum, Plaintiff had a prior back injury at L4-5, the same location of the lumbar spine allegedly injured in the accident at issue.

issues of material fact and Defendant is entitled to summary judgment dismissing Plaintiff's maintenance and cure claim.

As to Plaintiff's **Jones Act claim**, the court finds that there are genuine issues of material fact regarding the circumstances of Plaintiff handling the sounder pole, and thus the court **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's Jones Act claim.[3] Defendant alternatively argues that if the court denies its Motion for Summary Judgment as to Plaintiff's Jones Act negligence claim, the court should nevertheless grant Defendant partial summary judgment denying Plaintiff the right to recover future lost wages because, based on the false medical history he provided to Marquette, Plaintiff was not fit for employment as a deck-hand or relief mate when Marquette hired him. However, the court finds (a least at this juncture) that because Plaintiff's Jones Act negligence claim remains viable, Defendant is not entitled to partial summary judgment on Plaintiff's claim for future lost wages.

Accordingly;

**IT IS ORDERED** that **"Motion for Summary Judgment" (Doc. No. 19)** filed by Defendant, Marquette Transportation Company, LLC, be and

---

[3] While Defendant does not specifically move for summary judgment on Plaintiff's unseaworthiness claim, the court also finds that there are genuine issues of material fact which preclude summary judgment as to this clam.

**GRANTED** as to Plaintiff's maintenance and cure claim, but it is hereby **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's maintenance and cure claim be and is hereby **DISMISSED**.

New Orleans, Louisiana, this **5th** day of **January**, **2009**.

*[signature]*
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE